UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

NILSA VARGAS,

                 Plaintiff,           16 Civ. 8565

  -against-                     OPINION

WHITE CASTLE SYSTEM, INC.,

                 Defendant.

------------------------------------X



A P P E A R A N C E S:

    Attorneys for Plaintiff

    LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
    32 Old Slip, 8th Floor
    New York, NY 10005
    By:  Albert K. Kim, Esq.
        Colin J. Mulholland, Esq.

    Attorneys for Defendant

    SOBEL LAW GROUP, LLC
    464 New York Avenue, Suite 100
    Huntington, NY 11743
    By:  Aaron C. Gross, Esq.
        Randee H. Arem, Esq.
          Sobel Pevzner, LLC

**Sweet, D.J.**

The plaintiff Nilsa Vargas ("Vargas" or the "Plaintiff") has moved pursuant to 28 U.S.C. § 1447(c) to remand this slip and fall personal injury action against White Castle System, Inc. ("White Castle" or the "Defendant") to the Supreme Court of the State of New York, County of the Bronx (the "State Court"). Based on the facts and conclusions set forth below, the motion of the Plaintiff is granted, and the action is remanded to the State Court.

**I.   Prior Proceedings**

Plaintiff initiated this action by filing a Summons and Verified Complaint with the New York State Supreme Court on November 25, 2015, alleging a slip and fall incident that occurred on September 13, 2015 at 1677 Bruckner Boulevard, in the County of Bronx, City and State of New York, which is owned by the Defendant (the "Subject Premises"). The Defendant served a Verified Answer dated February 1, 2016, which included a Demand for Damages.

The Plaintiff states that she responded to the Defendant's Demand for Damages by way of a Supplemental Response

1

to Combined Demands, dated August 8, 2016. According to an affidavit of service, the Supplemental Response to Combined Demands was mailed to counsel for the Defendant on August 8, 2016.

The Defendant filed a cross-motion seeking Plaintiff to respond to their Demand for Damages. On October 4, 2016, Plaintiff served an Affirmation in Opposition to Defendant's cross-motion, which included a courtesy copy of Plaintiff's August 8, 2016 Supplemental Response to Combined Demands.

On November 3, 2016, Defendant filed a Notice of Removal and the action was removed to this Court.

The instant motion to remand was heard and marked fully submitted on December 15, 2016.

**II. The Motion to Remand is Granted**

Pursuant to 28 U.S.C. § 1446(b)(1), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based .

2

. . . ." In *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010), the Second Circuit held "that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." Additionally, on a motion for remand, the Defendant bears the burden of demonstrating the propriety of removal. *Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *Intelligen Power Systems, LLC v. dVentus Technologies LLC*, 73 F. Supp. 3d 378 (S.D.N.Y. 2014).

The parties do not dispute that the Supplemental Response to Combined Demands contains the explicit specification of monetary damages sought and serves as the initial pleading. However, the parties contest the date on which Supplemental Response to Combined Demands was received by the Defendant.[1] According to the Plaintiff, it was shortly after the August 8, 2016 mailing. According to the Defendant, it was October 4, 2016. Because the Defendant bears the burden of establishing the grounds for removal, and for the reasons set forth below, it is concluded that the Defendant has not established that its first receipt of the Plaintiff's demand was October 4, 2016, and service by mail on August 8, 2016 is presumed.

---

[1] The Plaintiff concedes that diversity jurisdiction exists and challenges only the timeliness of the Notice of Removal.

The evidence provided here is sparse. The Plaintiff has not provided proof of delivery, but the Defendant has also not provided any evidence that the Supplemental Response was not received in August. The Notice of Removal is contradictory. Initially, it states that the Supplemental Response of the Plaintiff was received on October 7, 2016, *see* Notice of Removal at ¶ 4, but later, it states:

> Based on the foregoing Second Circuit decision and the fact that **Plaintiff's response to the removing defendant's Demand for Damages was received on August 8, 2016**, this Notice of Removal is timely filed within thirty (30) days after receipt of the initial pleading, 28 U.S.C. Section 1446b; see also *Moltner*, supra.

Notice of Removal, at ¶ 6 (emphasis added).

The Plaintiff has submitted an affidavit of service that the Supplemental Response was mailed on August 8, 2016. "Normally, it is assumed that a mailed document is received three days after its mailing." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984)). However, "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." *Id.* at 526 (citing *Smith v.*

4

*Local Union 28 Sheet Metal Workers*, 877 F.Supp. 165, 172 (S.D.N.Y. 1995), *aff'd*, 100 F.3d 943 (2d Cir. 1996)).

Here, the Defendant has failed to provide any evidence from which the Court could reasonably infer that the Supplemental Response was received later than August, 2016. The best evidence provided is the Defendant's counsel's own affidavit, in which he states that he must not have received the Supplemental Response, because the cross-motion was filed. This reasoning is insufficient in light of the Defendant's burden of demonstrating the propriety of removal on a motion for remand.

In view of the presumption of the regularity of the mail, the burden of proof, and the absence of sufficient evidence supporting the Defendant's position, it is concluded that the Notice of Removal was untimely and the motion to remand is granted.[2] *See, e.g., Persad v. Glob. Companies LLC*, No. 13-CV-3187 SLT VMS, 2013 WL 4507076, at *5 (E.D.N.Y. Aug. 22, 2013) (presuming that an item sent by U.S. Postal Service arrived

---

[2] Even though the removal clock begins from the date of receipt rather than the date of mailing, *Castillejo v. BJ's Wholesale Club, Inc.*, No. 16-CV-6973 (VSB), 2017 WL 1929561, at *3 (S.D.N.Y. May 9, 2017) ("The text of § 1446 makes clear that the removal clock begins 'after receipt by the defendant.'") (quoting 28 U.S.C. § 1446(b)(3)), the November 3, 2016 notice of removal remains untimely because it is so long after any reasonable mailing time period that could be presumed.

three days after mailing where the only counterevidence provided was the defendant's speculation that first-class mail with the U.S. Postal Service could take longer than three days to arrive)

III. Conclusion

The motion of the Plaintiff is granted and the action is remanded to the State Court.

It is so ordered.

**New York, NY**
**May 16, 2017**

_____
ROBERT W. SWEET
U.S.D.J.